Wu v. Sessions

BIA
Poczter, IJ
A206 052 496/497

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of February, two thousand eighteen.

PRESENT: RICHARD C. WESLEY,
PETER W. HALL,
DENNY CHIN,
*Circuit Judges.*

_____

ZHONG WU, GUANGWEI LIU,
*Petitioners,*

v.                                                    16-3938
                                                      NAC
JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:             Jim Li, Flushing, NY.

FOR RESPONDENT:             Chad A. Readler, Acting Assistant
                            Attorney General; Brianne Whelan
                            Cohen, Senior Litigation Counsel;
                            Rebecca Hoffberg Phillips, Trial
                            Attorney, Office of Immigration
                            Litigation, United States
                            Department of Justice, Washington,
                            DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Zhong Wu and Guangwei Liu, natives and citizens of the People's Republic of China, seek review of a November 3, 2016, decision of the BIA affirming a February 4, 2016, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhong Wu, Guangwei Liu,* Nos. A206 052 496/497 (B.I.A. Nov. 3, 2016), *aff'g* Nos. A206 052 496/497 (Immig. Ct. N.Y. City Feb. 4, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility

2

determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements . . . , [and] the internal consistency of each such statement . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64.  Substantial evidence supports the agency's determination that Wu and Liu were not credible as to their claim that Chinese officials detained and harmed Wu on account of his practice of Christianity nor as to their continuing practice of Christianity in the United States.

The agency reasonably relied on record inconsistencies regarding how often Liu attended religious gatherings with Wu in China, when Wu was baptized, why Liu had not attended Wu's baptism, and how often Wu and Liu communicated during the time when Liu was on a work trip and Wu was purportedly detained, all of which called into question Wu's practice of Christianity and detention in China, as well as how long they had worked in Syracuse, which called into question

3

their alleged attendance at church in New York City.  *See*
8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534
F.3d at 165-67.  They did not provide compelling
explanations for these inconsistencies.  *See Majidi v.
Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner
must do more than offer a plausible explanation for his
inconsistent statements to secure relief; he must
demonstrate that a reasonable fact-finder would be
*compelled* to credit his testimony." (internal quotation
marks omitted)).

The agency also reasonably found it implausible that
Liu, who lived with Wu and was aware that he had been
beaten on his face, did not know that he also had been
beaten on his chest and abdomen.  *See* 8 U.S.C.
§ 1158(b)(1)(B)(iii); *see also Wensheng Yan v. Mukasey*, 509
F.3d 63, 66-68 (2d Cir. 2007) (recognizing that an adverse
credibility determination may be based on inherent
implausibility in the applicant's story if the "finding is
tethered to record evidence" or based on common sense).

Given the inconsistent and implausible testimony, the
agency's adverse credibility determination is supported by
substantial evidence.  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu*

4

*Xia Lin*, 534 F.3d at 167.  That determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate.  *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

<div style="margin-left: 45%;">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

</div>